PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2004 Chevrolet Cavalier struck an eroded section of berm while she was traveling *104 on County Route 7/4 in Mercer County. County Route 7/4 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 6:30 p.m. and 9:00 p.m. on July 21, 2006. County Route 7/4 is a one-lane highway at the area of the incident involved in this claim. Claimant testified that it was a clear and dry day and that she was driving on County Route 7/4 when she saw a logging truck coming at her from the opposite direction. Ms. Matthews maneuvered her vehicle onto the berm of the road to avoid the truck. The berm of County Route 7/4 was eroded away approximately one and a half feet deep. Claimant’s vehicle struck this section of eroded berm causing damage to the vehicle’s gas tank, alignment and front bumper totaling $754.99. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 7/4 at the site of the claimant’s accident for the date in question. Richard Delp, Highway Administrator for the respondent in Mercer County, testified that County Route 7/4 had a lot of logging traffic on it. He stated that crews for respondent had been working on the berm and ditches along the road at least twelve times between February 3, 2006 and September 13, 2006, due to the heavy truck traffic along the road. Mr. Delp testified that a crew had been working on the shoulders of County Route 7/4 on June 9, 2006. He also stated that due to the road’s location on the slope of a mountain, a heavy rain could easily wash out any repair work respondent might have done.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the eroded berm which claimant’s vehicle struck and that the berm presented a hazard to the traveling public. Photographs in evidence depict the berm and provide the Court an accurate portrayal of the size and location of the eroded section of berm on County Route 7/4. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $500.00.
Award of $500.00.